# VANDALIA COAL COMPANY ET AL. *v.* INDIANAPOLIS & LOUISVILLE RAILWAY COMPANY.

[No. 20,941. Filed February 7, 1907.]

1. PLEADING.—*Complaint.*—*Sufficiency when Attacked for First Time on Appeal.*—A complaint, when attacked for the first time on appeal, will be held sufficient unless some essential element is wholly omitted therefrom. p. 146.

2. SAME. — *Complaint.*—*Eminent Domain.*—*Railroads.*—A complaint for the condemnation of land for a railroad right of way showing the name of the condemning company, the names of the owners and lienholders of the property to be condemned,

Vandalia Coal Co. *v.* Indianápolis, etc., R. Co.—168 Ind. 144.

the intended use of the property, the location, width and termini of the right of way, a description of the land to be taken for making embankments, and a failure to agree with the owner as to the purchase price thereof, states a good cause of action under §894 Burns 1905, Acts 1905, p. 59, §2. p. 147.

3. PLEADING.—*Objections.—Eminent Domain.—Preliminary Trial. —Statutes.—Judgment.*—Under §897 Burns 1905, Acts 1905, p. 59, §5, a landowner is required to assert, on the preliminary hearing, any objections, whether of law or of fact, which he may have to the plaintiff's right to condemn his lands; and the order of the court appointing appraisers is conclusive as to plaintiff's right to condemn. p. 147.

4. SAME.—*Objections.—Eminent Domain.—Preliminary Issues.— Measure of Damages.—Statutes.*—Objections by the defendant landowner, that §897 Burns 1905, Acts 1905, p. 59, §5, is unconstitutional, and that such defendant owned several parcels of land through which the condemning railroad company was compelled to pass and that such company offered defendant damages separately for one parcel only, and refused to consider the parcels as a whole in the estimate of damages, do not constitute a defense on the preliminary hearing of a condemnation proceeding under §894 Burns 1905, Acts 1905, p. 59, §2, giving plaintiff the right to condemn by parcels or in a body. p. 151.

5. SAME.—*Exceptions.—Award of Damages.—Eminent Domain. —Railroads.—Trial.*—If a landowner is aggrieved at the damages assessed by the appraisers in eminent domain proceedings (§896 Burns 1905, Acts 1905, p. 59, §4), he may file exceptions to the award, and have a trial by jury on such question. p. 151.

6. EMINENT DOMAIN.—*Damages.—Railroads.*—A landowner is entitled to all direct and consequential damages caused by the appropriation of his land by a railroad company, and by the operation of its trains thereon. p. 151.

7. SAME.—*Failure of Landowner to Object.—Remedy.*—Where a landowner or other interested person stands by and permits a railroad company to appropriate his land or his interest therein, he may, under §903 Burns 1905, Acts 1905, p. 59, §11, have an appraisement thereof and recover compensation and damages substantially as if such land or interest had not been taken. p. 152.

8. CONSTITUTIONAL LAW.—*Confiscation.—Eminent Domain.*—The eminent domain act of 1905 (Acts 1905, p. 59, §§893-904 Burns 1905) does not deprive landowners of their property without just compensation. p. 152.

9. SAME.—*Eminent Domain.—Delegation of Authority—Political Question.*—Railroad companies have the right, under the emi-

nent domain act of 1905 (Acts 1905, p. 59, §§893-904 Burns 1905), to decide upon the necessity for appropriating certain lands for a railroad right of way, and their decision is not subject to review by the courts, such question being one of political sovereignty and wholly legislative. p. 153.

From Greene Circuit Court; *Orion B. Harris,* Judge.

Condemnation proceedings by the Indianapolis & Louisville Railway Company against the Vandalia Coal Company and another. From a preliminary order appointing appraisers, defendants appeal. *Affirmed.*

*Barrett & Barrett, Byron K. Elliott, William F. Elliott* and *Willis Hickam,* for appellants.

*E. C. Field, H. R. Kurrie* and *W. V. Moffett,* for appellee.

MONTGOMERY, C. J.—Appellee instituted this proceeding to condemn and appropriate a right of way across a forty-acre tract of land owned by appellant Vandalia Coal Company, in Greene county. Appellants appeared, and filed objections or answers, and a cross-complaint, all of which, upon appellee's motion, were stricken out. The court thereupon appointed appraisers, and from this order the appeal was taken.

Errors have been properly assigned alleging that the complaint does not state facts sufficient to constitute a cause of action, and that the court erred in striking out appellant's several objections and cross-complaint.

The sufficiency of the complaint was not questioned in the lower court, and it will, therefore, be held sufficient against the present attack, unless some essential element is wholly omitted from its averments. *Thompson* v. *Jordan* (1905), 164 Ind. 551; *City of South Bend* v. *Turner* (1901), 156 Ind. 418, 54 L. R. A. 369, 83 Am. St. 200.

The complaint averred (1) the name of the corporation desiring to condemn, (2) the name of the owner and of

Vandalia Coal Co. *v.* Indianapolis, etc., R. Co.—168 Ind. 144.

the holder of the lien upon the property to be appropriated, (3) the intended use of the property, (4) the location, width and termini of the right of way, (5) a specific description of the land from which dirt was to be taken for making the embankment, and (6) that appellee had been unable to agree with the owner for the purchase of such property and rights. The averments of the complaint closely follow the statutory requirements and are clearly sufficient. Acts 1905, p. 59, §2, §894 Burns 1905.

Section five of said act of 1905 (§897 Burns 1905) provides: "Any defendant may object to such proceeding on the ground that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections; * * * and no pleadings other than the complaint and such statement of objections shall be allowed in such cause, except the answer provided for in section eight of this act."

The statute upon which this proceeding is founded was construed in the case of *Morrison* v. *Indianapolis, etc., R. Co.* (1906), 166 Ind. 511. We quote from the opinion in that case, as pertinent to the question in controversy, the following language: "The legislature, by the provisions of section five, intended that there should be what may be termed a preliminary hearing by which the landowner might controvert the right of the plaintiff in the proceedings to condemn and appropriate his lands and therefore have all such questions determined and disposed of by the judge in vacation, or the court in term time, as the case might be, before making the interlocutory order appointing appraisers to assess damages. In the language of the notice or summons provided by section three, such owner is required to appear on the day fixed and show cause why his property should not be condemned, as prayed for in the

complaint. At what time, then, and by what method, is he required to show cause in opposition to the plaintiff's asserted right to condemn his lands under the proceedings? The answer to this must be: At the time he is required to appear before the judge or court, and by the method or procedure prescribed by section five, namely, by filing his written objections. By entering an interlocutory order or decree the court or judge thereby determines the legal right of the plaintiff to appropriate the property of the landowner for the purpose or use set out or assigned in the complaint. * * * The language, 'for any other reason disclosed in the complaint or set up in such objection,' compels the conclusion that the written objections as prescribed are of a dual character and are intended to serve the purpose of a demurrer and also a plea or answer. * * * Manifestly the object or purpose of the latter provision is intended to perform the office not of a demurrer, but of a plea or answer, by permitting the defendant to traverse the complaint by setting up facts which will be sufficient to abate the action or to break down or defeat the right of the plaintiff to condemn and appropriate the property in question. To this extent it may be said that the written objections tender an issue of fact which must be determined at the preliminary hearing, not by a jury, but by the judge or court before whom the proceedings are pending."

Appellants filed objections or answers in six paragraphs, and also a cross-complaint. The first paragraph of such objections alleged that appellant coal company is a New Jersey corporation and the owner of all the coal, clay, minerals and mineral substances underlying a tract of land particularly described, containing 1,104 acres, 395 acres of which said appellant owns in fee simple; that all of said land is underlaid with strata of valuable coal; that said appellant owns the right to select and purchase sites for sinking shafts for the mining of such coal and minerals,

NOVEMBER TERM, 1906. 149

Vandalia Coal Co. *v.* Indianapolis, etc., R. Co.—168 Ind. 144.

and for supplying air and for the discharge of water, and the right to use so much of the surface of said lands as may be required, not exceeding five acres in any one tract, for the location of tipples and buildings, and for the storage of refuse and other materials, and the right to locate, construct and operate railroad switches across said lands, and a right of way for a wagon road to said mines, and a right of drainage; that the forty-acre tract across which appellee is seeking to condemn a right of way is substantially in the center of said coal lands; that said appellant has already constructed and equipped, and has in operation, two valuable coal shafts on said lands, and at great expense has laid out a system of mining all of said lands in one body; that appellee, without authority from said appellant, or any legal proceedings, has entered upon and is proceeding to construct its road across that part of said lands lying both north and south of the forty-acre tract described in the instrument of appropriation, and that at no time has appellee offered to purchase or contract with said appellant with regard to a right of way across the whole of said lands, but at all times has refused to negotiate with it respecting the same.

The second paragraph alleged that the construction of appellee's road across said lands would take from appellant coal company valuable property rights, by interfering in numerous specified ways with the operation of the mines, entailing expense for additional machinery and requiring the maintenance of supports under the right of way, and that an appraisement of the lands to be appropriated should include an estimate of appellant's damages to said lands as a whole.

The third objection alleged that appellant Union Trust Company is a Pennsylvania corporation, and is the holder of a mortgage lien upon the entire tract of 1,104 acres to secure bonds issued by its coappellant, and that the construction of appellee's road across said lands will greatly

150    SUPREME COURT OF INDIANA,

Vandalia Coal Co. v. Indianapolis, etc., R. Co.—168 Ind. 144.

damage the mortgage security, and that the appraisement to be made should include all said lands, and the damages assessed should be made payable to the Union Trust Company as trustee; that the statute of Indiana taking away from appellants the right to have the damages to all of said lands assessed as an entirety is unconstitutional and void.

The fourth objection averred that appellant coal company owns the lands and property rights above mentioned, and that such lands lie in compact form in one body; that appellee has filed in the office of the clerk of the Greene Circuit Court a map or plan of its road, and has declared its intention to construct the same over lands, particularly described, situated in the center of said 1,104-acre tract; that at no time has appellee attempted to acquire the right of way through said lands as a whole, but has refused to negotiate concerning the same with said appellant; that it will be impossible for appellee to use the right of way sought to be appropriated herein without passing over other lands owned by said appellant, and that all of said lands should be condemned as one tract; that appellee having failed to offer to purchase the interests of said appellant in adjoining tracts, or otherwise to acquire such rights, the court is without jurisdiction as to said forty-acre tract.

The fifth objection alleged that section six of the act of 1905 (Acts 1905, p. 59, §898 Burns 1905) is in contravention of §21, article 1, of the Constitution of Indiana, which provides that no man's property shall be taken without just compensation, nor, except in case of the State, without such compensation's being first assessed and tendered, and is accordingly unconstitutional and void.

The sixth objection includes the allegations of the first four preceding objections, and asks that the appraisers be directed to appraise and award all damages resulting from the construction of appellee's railroad across the whole of said lands.

NOVEMBER TERM, 1906. 151

Vandalia Coal Co. *v.* Indianapolis, etc., R. Co.—168 Ind. 144.

The cross-complaint contains the same averments in substance as the various paragraphs of objection or answer.

The only issues allowable upon this preliminary hearing are such as go to defeat or abate the asserted right to exercise the power of eminent domain. These issues may be of law arising upon the face of the complaint, or of fact tendered by specific objections filed. *Morrison* v. *Indianapolis, etc., R. Co., supra.*

It is manifest that appellants were proceeding upon an erroneous theory, and that none of the objections stricken out presented matter in bar or in abatement of appellee's right to appropriate the property described in the complaint. They merely sought to enlarge the scope of the proceeding, and to have other alleged rights included in the assessment of damages to be made. This cannot be done, under the statute, at the time and in the manner attempted. It was appellee's privilege to include in this proceeding all lands owned by appellants in the county, and required for the same public use, or to maintain separate proceedings, at its option, for the condemnation of separate property and rights. §894 Burns 1905, Acts 1905, p. 59, §2. The proceeding was designed to be somewhat summary in character at this stage, and the right to exercise the power for the use sought being established, it was the purpose of the law to avoid postponement or delay in the formation or trial of such collateral issue. If appellants shall be aggrieved by the assessment of damages, they may file exceptions thereto in writing, as provided in section eight of the act, and cause the proceeding to advance to issue, trial and judgment, as in civil actions. The law requires the appraisers in making their assessment, and the court or jury trying the case upon exceptions to the award, to take into consideration and assess all damages, both direct and consequential, which the landowner will sustain from the appropriation of the property de-

152    SUPREME COURT OF INDIANA,

Vandalia Coal Co. *v.* Indianapolis, etc., R. Co.—168 Ind. 144.

scribed in the complaint, and the proper construction and operation of the railroad thereon. It is clear that appellants have a way provided to secure and obtain all damages which they will sustain from the appropriation sought in this proceeding. It is expressly provided by section eleven of said act of 1905 (§903 Burns 1905), that "any person having an interest in any land which has heretofore been or may hereafter be taken for any public use, without having first been appropriated under this or any prior law, may proceed to have his damages assessed under this act, substantially in the manner herein provided." If, therefore, appellants have stood by and suffered their lands or other property rights to be wrongfully appropriated by appellee, they are given an adequate remedy, under this act, for the recovery of full compensation in damages.

It is stated generally under the head of "points and authorities" in appellant's brief, that the act upon which this proceeding is founded violates various provisions of the federal and state Constitutions. The construction which has been placed upon the statute disposes of the argument that the act permits a taking of private property without just compensation, since it appears that appropriate and ample provisions are made for the assessment and payment of all damages sustained by the owner. The only specific objection to the statute stated by appellants is that it prohibits them from controverting the question of public necessity for taking or appropriating their property, or in any way denying or offering proof as to the necessity of the taking of their property. In support of this objection some cases from other states have been cited, holding in effect that the asserted necessity for the taking by a party making an appropriation under an indefinite grant is not conclusive upon the courts. The general statute for the incorporation of railroads in this State does not authorize the laying out of roads exceeding six

rods in width. Appellants did not tender any pleading seeking to dispute or deny the necessity for the taking in this proceeding, and therefore, we are not called upon to decide the question as to the right to do so. The right of a public corporation to decide the necessity for a taking, without submitting the matter to a court or jury, was considered in the case of *Richland School Tp.* v. *Overmyer* (1905), 164 Ind. 382. See, also, *Speck* v. *Kenoyer* (1905), 164 Ind. 431.

The court properly rejected the several objections and the cross-complaint filed. No error appearing from the record, the order appealed from is affirmed.