# New York, Chicago & St. Louis Railroad Company *v.* City of Hammond.

[No. 21,032.   Filed January 10, 1908.   Rehearing denied June 2, 1908.]

1. PLEADING. — *Complaint. — Answer. — Street Assessments.*—The complaint, on an appeal to the circuit court in a street assessment case, consists of the transcript of the papers and proceedings before the common council, and the frontager's statement of grievances constitutes the answer thereto.   p. 495.

2. TRIAL.—*Street Assessments.—Validity.—Burden of Proof.—Evidence.*—On an appeal of a street assessment case to the circuit court, where the statement of grievances denies the validity of the entire proceedings, the burden is upon the city to show that the statutory steps in perfecting such assessment were all taken; and the transcript of the papers, entries and original assessment is admissible in evidence upon such issue.   p. 495.

3. MUNICIPAL CORPORATIONS. — *Street Assessments. — Taxation.— Eminent Domain.—Due Process.*—The assessment of property for street improvements is the exercise of the power of taxation, and not of eminent domain; and such assessment is not void for want of due process of law, where notice and an opportunity for a hearing are given.   p. 496.

4. APPEAL.—*Questions Triable.—Street Assessments.*—An appeal to the circuit court, in a street assessment case, being a matter of grace, only the questions which the statute specifies can be litigated; and, therefore, the specification that the frontager's property was not benefited, cannot be considered.   p. 496.

5. MUNICIPAL CORPORATIONS. — *Street Assessments. — Effect.* — A street assessment upon property approved by the city commissioners and the common council under the act of 1901 (Acts 1901, p. 534) conclusively establishes that such property is benefited to some extent, and the amount of such assessment must be regarded as *prima facie* correct.   p. 496.

6. APPEAL.—*Effect.—Street Assessments.*—An appeal to the circuit court from a street assessment does not vacate such assessment, but merely suspends the collection thereof.   p. 497.

7. TRIAL.—*Street Assessments.—Objections.—Burden of Proof.*— The statutory ground of grievance, that an assessment of benefits for street improvements is too high, impliedly admits some resulting benefit, constituting but a partial defense, and the burden of proving such grievance on appeal to the circuit court, is on the party alleging same.   p. 497.

8. EVIDENCE.—*Opinions.—Benefits to Property by Street Improvements.—Witnesses.*—Real estate men are competent witnesses to

testify as to the benefits to property of certain street improvements, the weight of their opinions being questions for the jury. p. 497.

9.  APPEAL.—*Weighing Evidence.*—The Supreme Court will not weigh conflicting oral evidence. p. 497.

From Porter Circuit Court; *John F. McClure,* Special Judge.

Appeal by the New York, Chicago & St. Louis Railroad Company from a street assessment made by the City of Hammond. From a judgment against such company, it appeals. *Affirmed.*

*Walter Olds, Charles M. Niezer* and *John H. Clarke,* for appellant.

*Randall W. Burns, LeGrand T. Meyer* and *John A. Gavit,* for appellee.

MONTGOMERY, J.—The city of Hammond caused one of its streets to be improved and macadamized in accordance with the provisions of the act of March 11, 1901 (Acts 1901, p. 534, §§3623a-3623h Burns 1901), for which an assessment of $6,842 was made against appellant's property. Appellant filed, within the time allowed, a statement of its grievances, alleging: (1) That the proceedings for the improvement were invalid; (2) that the benefits assessed against appellant's property were too high; (3) that its property was not benefited by the improvements; (4) that the assessment against its property was too high in proportion to the benefits assessed against the property of other persons named. A bond was filed with this statement and an appeal prayed by appellant to the Lake Circuit Court, and from thence the cause was transferred to the Porter Circuit Court upon a change of venue.

The number of witnesses upon the subject of benefits. was limited to five upon each side, a trial by the court had, resulting in a judgment against appellant for the amount of the original assessment. Appellant's motion for a new trial was overruled, and that ruling is assigned as error.

At the trial appellee introduced in evidence a transcript of the proceedings of the common council, including the assessment of benefits made by the five city commissioners, and, treating this as establishing a *prima facie* case, rested. Appellant's five witnesses were heard, and appellee was then permitted to introduce five other witnesses in rebuttal.

Appellant's counsel contend that by the appeal the original assessment was vacated as to it; that it had no *prima facie* force; that the cause stood for trial *de novo;* that appellee had the burden of showing that appellant's property was benefited by the improvement, and the amount, if any, of such benefits; that the original assessment was not competent evidence of such benefits, and that, without it, the decision of the court is not sustained by a preponderance of evidence.

Appellee's counsel insist that the burden of overthrowing or reducing the original assessment was upon appellant. The transcript of all papers and proceedings in the cause before the common council constituted the complaint, and appellant's statement of grievances, the answer thereto, in the circuit court. The answer disputed the validity of the entire proceeding, and also averred that the assessment of benefits against appellant was excessive and out of proportion to the assessments made against the property of certain other persons.

By the first issue tendered, appellee was called upon to show that all statutory steps, requisite to the validity of the proceeding in question, were duly taken. A properly certified transcript of all relevant papers and entries, including the original assessment made against appellant's property by the city commissioners, was competent and admissible as evidence upon this issue. The court, therefore, properly admitted a transcript of the assessment in evidence.

The levying of assessments for street improvements is the exercise of a species of the taxing power of the State,

and not of the right of eminent domain. The owners of property affected by an improvement made under the statute in question, after due notice, are afforded a hearing upon the subject of benefits and damages, both before the city commissioners and the common council. Such an opportunity to be heard will satisfy all legal requirements necessary for the protection of private rights. The privilege of an appeal is, nevertheless, given, as a matter of grace and not of compulsion. It is therefore in the power of the legislature to specify and limit the questions which may be litigated upon such appeal. If a party elects to avail himself of such appellate privilege, he must do so upon the terms and subject to the limitations prescribed by the statute conferring the right. This act authorizes a property owner feeling aggrieved to appeal upon three grounds only, viz.: (1) That the proceedings for the improvement are invalid; (2) that the benefits assessed to his property are too high or his damages too low; (3) that the benefits assessed to his property are too high in proportion to benefits assessed against other property similarly situated. It is expressly provided that no question other than the grievances so stated shall be tried upon appeal. It is accordingly manifest that appellant's third specification of grievance—that its property was not benefited by the improvement—is unauthorized and cannot be considered as an independent issue upon appeal. The burden of the issue involving the validity of the proceeding was upon appellee.

The theory of this act is that, when the city commissioners and common council have regularly found property to be benefited by a street improvement, the fact that such property is benefited to some extent shall be regarded as conclusively established, and the amount of an assessment fixed by these bodies shall be regarded as *prima facie* correct.

An appeal from such assessment does not vacate the same,

but merely suspends collection until the appeal is determined. The statutory grounds of grievance, that an assessment of benefits is in itself, or relatively, too high, impliedly admit some resulting benefit from the improvement, and at most constitute but partial defenses. A party alleging such a grievance has the burden of proving the same upon appeal. *Chytraus* v. *City of Chicago* (1896), 160 Ill. 18, 43 N. E. 335; *Pearson* v. *City of Chicago* (1896), 162 Ill. 383, 44 N. E. 739; *Dickson* v. *City of Racine* (1886), 65 Wis. 306, 27 N. W. 58. It follows that the burden of the issues was rightly imposed by the trial court, and the order of proof adopted was correct.

Appellant objected to the competency of certain of appellee's witnesses to testify upon the question of benefits to its property, for the reason that they were not shown to have knowledge of the value of such property for railroad purposes. These witnesses had been for some years residents of the city, were engaged in the real estate business, and were acquainted with real estate values in the vicinity of the improvement and generally throughout the city of Hammond. It is clear under the authorities that the witnesses were competent to testify and that the objections urged affected the weight rather than the competency of their opinions. *Smith* v. *Indianapolis, etc., R. Co.* (1881), 80 Ind. 233; *City of LaFayette* v. *Nagle* (1888), 113 Ind. 425; *Evansville, etc., R. Co.* v. *Fettig* (1891), 130 Ind. 61.

It is well settled that in such cases as this we cannot disturb the judgment upon the weight of conflicting evidence.

No errors having been made to appear, the judgment is affirmed.

Gillett, J., did not participate in this decision.