STATE OF INDIANA *v.* KRASZYK ET UX. ET AL.

[No. 29,822. Filed May 16, 1960.]

526

*Edwin K. Steers,* Attorney General, and *Robert E. Robinson,* Deputy Attorney General, for appellant.

*Jacobs & Jacobs,* of Indianapolis, and *Paul Reed,* of Knox, for appellees.

BOBBITT, J.—This action was commenced under the provisions of Acts 1905, ch. 48, §1, p. 59, being §3-1701, Burns' 1946 Replacement, by the State of Indiana to appropriate and condemn certain lands of appellees, Chester Kraszyk and Mary Rose Kraszyk, and Garner Phegley, for a right of way for the construction of a limited access highway in Starke County, as provided by the Acts of 1945, ch. 245, being §36-3101, *et seq.,* Burns' 1949 Replacement.

In accordance with the prayer of the complaint appraisers were duly appointed, and they assessed the damages accruing to appellees by reason of the appropriation of such lands in the total sum of $105,000.

Subsequently, the State paid the amount of this assessment ($105,000) into the office of the clerk of the Starke Circuit Court and immediately took possession of the land and has constructed thereon a divided four-lane improved highway.

Both the State and appellees filed exceptions to the appraisers' report as provided by Acts 1905, ch. 48, §8, p. 59, being §3-1707, Burns' 1946 Replacement.

Trial on the exceptions was by jury, which awarded appellees, Chester Kraszyk, Mary Rose Kraszyk and Garner Phegley, damages in the total amount of $57,600, plus interest from November 18, 1958. Judgment was entered on this verdict and the State appealed.

The sole issue presented to the trial court was the amount of damages awarded appellees by the appraisers. The plaintiff, State, contended that such damages were

excessive, and the defendant, appellees, that they were inadequate.

The pertinent parts of the judgment of the trial court are as follows:

> "And the Court now renders the following judgment: It is therefore ordered, adjudged and decreed that the defendants, Chester Kraszyk and Mary Rose Kraszyk, husband and wife, recover from the plaintiff, the State of Indiana, the sum of Forty-five Thousand ($45,000.00) together with interest at 6% per annum from November 18, 1958 and that the defendant, Garner Phegley recover from the plaintiff, the State of Indiana, the sum of Twelve Thousand Six Hundred Dollars ($12,600.00) together with interest at 6% per annum from November 18, 1958, subject to lien for purchase money due Chester Kraszyk and Mary Rose Kraszyk.
>
> ". . . Costs of this action taxed in the amount of $ _____ are assessed against the defendants, Kraszyk and Kraszyk and Phegley.
>
> "Clerk is directed to make arithmetical computations consistent herewith and then proceed to make disbursement accordingly. The fees of court appointed appraisers, heretofore allowed and paid, are not to be computed or considered as costs."

Pursuant to such judgment the clerk of the Starke Circuit Court forwarded to the Attorney General's office his draft dated May 28, 1959, payable to the State of Indiana, in the amount of $45,662.40,[1] representing the remainder of the $105,000 deposited by the State upon the filing of the appraisers' report in November of 1958. This draft was endorsed by the Treasurer of the State of Indiana on July 1, 1959, and cashed at Fidelity Bank & Trust Company, Indianapolis, Indiana.

1. This sum—$45,662.40—represents the balance of $105,000 remaining in the hands of the clerk after the payment of the award to appellees for damages in the amount of $57,600, plus interest thereon at the rate of 6% per annum from November 18, 1958.

The respective amounts of the judgment were also paid to and accepted by appellees, Kraszyks and Phegley.

The assignment of errors herein was filed in this court on October 2, 1959.

On January 26, 1960, appellees Kraszyks, filed their motion to dismiss the appeal herein asserting that the appellant, State of Indiana, has received money and accepted the benefits of the judgment from which it has appealed and by so doing has "acquiesced in and recognized the validity of that judgment."

This presents the question: Can a condemnor in possession of the condemnee's real estate by reason of paying into the court the amount of the appraisers' award, appeal from a judgment which substantially reduced that award, after having accepted from the court the difference between the amount of the judgment and the appraisers' award?

Acts 1881 (Spec. Sess.), ch. 38, §628, p. 240, as amended by Acts 1959, ch. 25, §1, p. 75, being §2-3201, Burns' 1959 Cum. Supp., provides, *inter alia*, as follows:

> "The party obtaining a judgment shall not take an appeal after receiving any money paid or collected thereon."

The above is merely declaratory of the common law rule that a party cannot accept the benefit of an adjudication and yet allege that the judgment is erroneous. *State ex rel. Jackson, Attorney General* v. *Middleton* (1939), 215 Ind. 219, 224, 19 N. E. 2d 470.

The rule has long been established in this State that a party cannot appeal from a judgment after receiving any money or benefits therefrom, or in any way recognizing the validity thereof. *Public Service Comm.* v. *Ind. Bell Tel. Co.* (1953), 232 Ind. 332,

341-342, 108 N. E. 2d 889, 112 N. E. 2d 751; *Hensley, Admr.* v. *Rich* (1921), 191 Ind. 294, 303, 132 N. E. 632, 18 A. L. R. 1118; *Williams* v. *Richards* (1899), 152 Ind. 528, 530, 53 N. E. 765; *McGrew* v. *Grayston et al.* (1896), 144 Ind. 165, 167, 41 N. E. 1027; *Smith* v. *Smith* (1955), 125 Ind. App. 658, 661, 129 N. E. 2d 374; *Intertype Corporation* v. *Clark-Congress Corporation* (1957), 7 Cir., 249 F. 2d 626, 628.

This rule is, however, subject to the exception that "an acceptance of an amount to which the acceptee is entitled in any event does not estop him from appealing from . . . the judgment or decree ordering its payment." *State ex rel. Jackson, Attorney General* v. *Middleton, supra* (1939), 215 Ind. 219, 224, 19 N. E. 2d 470.

The State, in response to the motion to dismiss, asserts that it has received no benefit under the judgment from which the appeal herein is prosecuted, and that it has not accepted the amount of such judgment.

To support its position here the State relies upon *In Re Silverman* (1953), 305 N. Y. 13, 110 N. E. 2d 402, which was an action involving the valuation of common stock in a merger and recapitalization of certain corporations in the State of New York. On a question of the right of certain stockholders to appeal after they had accepted the tendered payment for their stock, the Court of Appeals of New York, at page 404 of 110 N. E. 2d, in the course of its opinion, said:

> "[T]here is a line of cases to the effect that the right to appeal survives the acceptance of benefits not inconsistent with an appeal from other parts of the judgment or when the right to the benefit is absolute. . . .
>
> "This line of cases holds that in condemnation proceedings the acceptance of payment under a judgment does not bar an appeal where the claim-

ant seeks merely to question the *amount* of the award."

The rule is clearly stated in 4 C. J. S., Appeal and Error, §216(l), p. 650, as follows:

"The rule that a party cannot maintain an appeal or writ of error to reverse a judgment or decree after he has accepted payment of the same in whole or in part has no application, as a rule, where appellant is shown to be so absolutely entitled to the sum collected or accepted that reversal of the judgment or decree will not affect his right to it, as in the case of the collection of an admitted or uncontroverted part of his demand, and in other similar cases, as where his appeal is to establish his claim to something additional or to a greater amount." See also: *State ex rel. Jackson, Attorney General* v. *Middleton, supra* (1939), 215 Ind. 219, 224, 19 N. E. 2d 470.

There is no showing that appellant herein was "absolutely entitled" to the $45,662.40 which it collected as a result of the judgment, or that a reversal of the case would not affect its right to it; nor is the appeal here for the purpose of increasing the award. Hence, the State, under the circumstances in this case, does not come within the provisions of the exception of the rule which prohibits an appeal when money or benefits have been accepted on a judgment, and *In Re Silverman, supra,* lends no support to the State's position here.

The motion to dismiss must be sustained for two reasons.

*First:* If the State has accepted a benefit from the judgment of the trial court based on the jury's award of $57,600 damages to appellees, it has thereby waived its right to appeal. *Public Service Com.* v. *Ind. Bell Tel. Co., supra* (1953), 232 Ind. 332, 342, 108 N. E. 2d 889, 112 N. E. 2d 751; *Western Construction Co.* v. *Board,*

*etc.* (1912), 178 Ind. 684, 689, 690, 98 N. E. 347; *Williams* v. *Richards, supra* (1899), 152 Ind. 528, 530, 53 N. E. 765; *McCracken* v. *Cabel, et al.* (1889), 120 Ind. 266, 267, 22 N. E. 136; *Sterne* v. *Vert, et al.* (1886), 108 Ind. 232, 234, 9 N. E. 127; *Scaros* v. *Chacker* (1944), 115 Ind. App. 67, 69, 56 N. E. 2d 505; *Smith* v. *Smith, supra* (1955), 125 Ind. App. 658, 661, 129 N. E. 2d 374.

Appellant herein filed its exceptions to the jury's report on the grounds that the award of the appraisers was excessive and they did not properly offset damages and benefits in arriving at the amount of damages assessed.

As hereinabove indicated, the sole purpose of the trial was to fix the amount of damages, if any, to appellees' property, as a result of the taking of a part of their lands by the State for highway purposes.

By the judgment the amount of damages which the State was required to pay on the basis of the appraisers' report was reduced from $105,000 to $57,600. While it is true that the judgment was for appellees in the sum of $57,600, such judgment also provided for disbursement to appellant, State of Indiana, of the balance of the $105,000 remaining in the hands of the clerk after the payment of the $57,600 to appellees, and interest thereon from November 18, 1958.

The purpose of the State's exceptions to the appraisers' report was to reduce the amount of their award and to recover as much as possible of the $105,000 which had been deposited with the clerk in order to take immediate possession of the land.

Under these circumstances, it seems to us, beyond dispute, that when the State accepted the check from the clerk as its computed share of the money previously paid on the appraisers' award, it not only received money paid on the judgment but

was benefited by the judgment in the amount of $47,400. This amount was as surely and completely awarded the State by the judgment, as was the $57,600 to appellees. When this money was accepted by the State it precluded an appeal by it to this court. *Newman et al.* v. *Kiser* (1891), 128 Ind. 258, 260, 26 N. E. 1006; *McGrew* v. *Graston et al., supra* (1896), 144 Ind. 165, 167, 41 N. E. 1027.

*Second:* Acts 1905, ch. 48, §7, p. 59, being §3-1708, Burns' 1946 Replacement, provides, *inter alia,* as follows:

> "If the plaintiff shall pay to the clerk of such court the amount of damages thus assessed, it shall be lawful for such plaintiff to take possession of and hold the interest in the lands so appropriated, for the uses stated in such complaint, subject to the appeal provided for in section five [§3-1705] of this act."

By the enactment of this section, the Legislature intended to expedite condemnation proceedings by permitting the payment of the award and the taking of possession pending the *ultimate determination* of the issues involved. *State ex rel. Keesling* v. *Grant Cir. Ct. et al.* (1958), 238 Ind. 577, 581, 153 N. E. 2d 912, 914. See also: *State etc.* v. *Marion Circuit Court* (1959), 239 Ind. 327, 157 N. E. 2d 481, 485; *State ex rel. Ensley* v. *Superior Court of Marion County* (1959)., 239 Ind. 583, 159 N. E. 2d 115, 118.

Section 3-1704, *supra,* is in aid of the provisions of Art. 1, §21 of the Constitution of Indiana which prohibits the taking of property "without just compensation."

The damages assessed and awarded by the appraisers as provided in §3-1704, *supra,* are the compensation for the land taken.

"The depositing of the money with the clerk was, in effect, a tender of the money. The appellee [condemnee] could accept the money and ■ thereby waive its exceptions to the award of the appraisers. *Schnull* v. *Indianapolis, etc., R. Co.* (1921), 190 Ind. 572, 131 N. E. 51. On the other hand it could refuse to accept the money from the clerk, and proceed with the prosecution of its exceptions to the appraiser's award, in which event *the money would remain in the hands of the clerk pending final judgment.*" (Our italics.) *Board of Comrs.* v. *Blue Ribbon Ice Cream etc. Co.* (1952), 231 Ind. 436, 441, 109 N. E. 2d 88.

When appellant herein paid the amount of the appraisers' award into the clerk of the Starke Circuit Court it was thereby enabled to, and did, deprive appellees of the use of their land. The appraisers' award of $105,000 was compensation under Art. 1, §21, *supra,* and if appellees were satisfied therewith, such sum represented the land appropriated and immediately became their property; and in order to maintain its right to possession, the State was required to keep the tender of compensation good pending the *final* determination of the amount of damages due appellees. If the rule were otherwise, any condemnor, as did the State in the present case, might, upon the awarding of a lesser amount by a jury, withdraw the excess of the appraisers' award over that fixed by the jury, thus confronting the owner whose land was taken with a possible uncompensated loss.

If the judgment herein were to be reversed appellees would be without their land and uncompensated therefor in the amount of $47,400.

In the event the condemnor was a private corporation under the circumstances in the present case, and it should be adjudged insolvent pending the appeal and the judgment would be reversed, the landowner would

534

not only be deprived of his land but also of full compensation therefor. It was a situation such as this that the Legislature sought to prevent by the enactment of §3-1708, *supra*.

The purpose of this statute was to protect the landowner against loss and if, before the question of damages is *finally determined,* the condemnor is permitted to withdraw part of the assessed damages as fixed by the appraisers and which it has paid to the clerk of the court in order to get possession of the land, the purpose of the statute is defeated.

> The condemnor herein, State of Indiana, having accepted the difference between the judgment herein and the appraisers' award, it cannot appeal from such judgment.

The appeal herein is, therefore, dismissed, and the costs assessed againt appellant.

Arterburn, C. J., Jackson, Landis and Achor, JJ., concur.

NOTE.—Reported in 167 N. E. 2d 339.