STATE EX REL. CITY OF HAMMOND ET AL. *v.*
LA PORTE CIR. CT., SMITH, JUDGE.

[No. 967S85. Filed January 31, 1968.]

George H. Dragus, of Hammond, for relator.

Alban M. Smith, pro se.

PER CURIAM.—The relator filed its complaint for the appropriation of real estate under the eminent domain statute in Lake Superior Court in Hammond, Indiana, on the 31st day of August, 1966. On the 29th day of December, 1966, the court entered its order of appropriation and appointed three disinterested appraisers to assess the damages. The appraisers duly filed their report with the court, and exceptions thereto were filed by both parties. Thereafter, the relator paid the amount of the court appointed appraisal into the court. On the 19th of July, 1967, the defendant United Boiler Heating and Foundry Company, Inc. filed its petition for an order for preservation of evidence, and on the same date the

defendant G-N Sheeters and Erectors, Inc. filed its petition to stay delivery or take possession to which petitioner-plaintiff filed its demurrer. On August 8, 1967, the court overruled the demurrer and entered an order granting the relief prayed. The court further directed the plaintiff-relator to postpone, until after the trial of the issues raised by the exceptions filed to the report of the appraisers, the following acts: Taking physical possession of the real estate described in plaintiff's complaint; the destruction or removal of any of the buildings, structures, or improvements now located on said real estate; the removal from said real estate of any of the objects, fixtures and/or things listed and/or described in the instructions to the appraisers. On the 15th of August, 1967, plaintiff-relator filed its motion to expunge the court order which motion was overruled on the same day. On September 18, 1967, a petition for alternative writ of mandate and prohibition was filed with this court and an alternative writ of mandate was granted.

The relator takes the position that the respondent does not have jurisdiction to enter an order staying the taking of possession by the condemnor, nor an order preserving the property pending trial on the amount of damages due to condemnee when the court has already entered an order of appropriation appointing appraisers who have filed their appraisal with the court, and the condemning authority has paid the amount of said appraisal into the court for the use and benefit of the condemnee.

Burns' Ind. Stat. 1966 Cum. Supp. § 3-1708 is pertinent. The condemnor is given the specific right to take possession upon the paying of said appraisal to the clerk of the court. The pertinent section of the statute reads as follows:

"If the plaintiff shall pay to the clerk of such court the amount of damages assessed by the appraisers, or, in the event exceptions to such assessment are taken by any party, the amount of the judgment entered thereon, whichever is lower, assessed by the appraisers, it shall be lawful for

such plaintiff to take possession of and hold the interest in the lands so appropriated for the uses stated in such complaint, subject to the appeal provided for in section five (§ 3-1705) of this act."

*State* v. *Kraszyk et ux. et al* (1960), 240 Ind. 524, 167 N. E. 2d 339 is a leading case interpreting this statute. This court has stated therein that it was the legislative intent in providing for payment of appraisers' award into the court by the condemnor to expedite condemnation proceedings by permitting such payment and the taking possession of the property pending the ultimate determination of the issues involved.

In the *Kraszyk* case *supra,* the court also stated that when the state paid the amount of the appraisers' award into the hands of the clerk, it was thereby enabled to deprive the land owners of the use of their land.

In the case of *State ex rel. Keesling et al* v. *Grant* Circuit Court (1958), 238 Ind. 577, 153 N. E. 2d 912, this court indicated further that it was the intent of the legislature to expedite condemnation proceeding by permitting the payment of the award and the taking of possession pending the ultimate determination of the issues involved, referring to Burns' § 3-1708 *supra.*

The respondent court likewise had no jurisdiction to preserve the buildings and improvements on the subject property for the purposes of viewing by a jury at a trial upon the damages. To hold that the court has this power would be to defeat the law of the state that the condemnor has a right to take possession of the real estate pending trial on the amount of damages.

Under the eminent domain law it is well established that rules of evidentiary procedure amply protect the property owner in his right to prove damages long after the subject property had been appropriated for public use.

The following cases indicate situations where the value of buildings and lands long since altered by public construc-

tion have been evaluated by expert witnesses and by charts, diagrams and photographs presented to the trier of fact.

*Pennsylvania Company* v. *Hunsley* (1899), 23 Ind. App. 37, 54 N. E. 1071; *Schoe et al.* v. *Cotton* (1906), 167 Ind. 364, 79 N. E. 184; *The Horace F. Wood Transfer Company* v. *Shelton* (1913), 180 Ind. 273, 101 N. E. 718; *New York, Chicago & St. Louis Railroad Company* v. *Hammond* (1908), 170 Ind. 493, 83 N. E. 244.

To rule otherwise would cause virtually all public projects to be held at a standstill until a jury trial on the amount of damages could be had on each and every parcel of land involved in the public taking, which would place an extremely unreasonable, frustrating burden on the public interest.

The alternative writ of mandate heretofore issued is made permanent.

NOTE.—Reported in 233 N. E. 2d 471.