APARTMENT PROPERTIES, INC. *v.* LULEY.

[No. 668S90. Filed May 2, 1969. Rehearing denied June 19, 1969.]

*C. Severin Buschmann, Donald A. Schabel,* Indianapolis, for appellant.

*Johnson & Weaver,* Indianapolis, for appellee.

HUNTER, J.—While the interlocutory appeal was pending in the Appellate Court (No. 268A13), the three appraisers who had been appointed by the trial court filed their report determining the fair value of the Port Realty stock to be $1,005.00 per share. On May 20, 1968, the trial court entered an order requiring the appellant to pay the amount of the appraisers' award together with the costs of the action to the court clerk within sixty days. On the following day, the appellee filed exceptions to the appraisers' report and asked that the value be determined in a jury trial. On May 22, 1968, the appellant also filed exceptions to the appraisers' report. On this same day, the appellant filed a motion to modify the court's order of May 20, contending that the trial court had no authority at this point in the proceedings to order the appellant to pay the appraisers' award together with the costs of the action to the clerk within 60 days.

On May 24, 1968, the trial court entered an amended order deleting the reference to the costs of the action, but still directing the appellant to pay the appraisers' award. To this order, the appellant has perfected a second appeal. Since this court has jurisdiction over an appeal from an interlocutory order for the payment of money, the appellant has brought this question directly to the Supreme Court. We again affirm the action of the trial court.

The same statute which gives a dissenting shareholder the right to petition a court for an appraisal of the value of his shares also provides that the "practice, procedure and judgment in the circuit or superior court upon such petition shall be the same, as far as practicable, as that under the eminent domain laws of this state." Ind. Ann. Stat. § 25-236 (1968 Supp.). Both parties agree that the question before us can only be answered properly by looking to the laws governing eminent domain proceedings.

Ind. Ann. Stat. § 3-1708 provides as follows:

> "If the plaintiff shall pay to the clerk of such court the amount of damages thus assessed, it shall be lawful for such plaintiff to take possession of and hold the interest in the lands so appropriated, for the uses stated in such complaint, subject to the appeal provided for in section five of this act [§ 3-1705]. But the amount of such benefits or damages shall be subject to review as provided in section eight [§ 3-1707] of this act."

The appellant has ably argued that this statute should not apply to appraisal proceedings since the intent of the statute is only to permit a condemnor to take immediate possession of the property of condemnee pending a final determination as to value. Such a statute and pre-payment of damages is constitutionally necessary in eminent domain proceedings if the condemnor wishes to immediately appropriate private property for a public purpose. See *State v. Kraszyk* (1960), 240 Ind. 524, 167 N. E. 2d 339. We agree that there is not a similar constitutional provision mandating such a procedure in the case at bar, but we do not agree that this necessarily makes the above statute inapplicable to this proceeding. The eminent domain laws are to govern practice and procedure in stock appraisal cases "as far as practicable"; therefore, before it can be said that § 3-1708 does not govern the case at bar, it must be shown that it can not be practically applied.

It is undisputed that a corporate merger has already taken

place and that any interest of value which had been held in the Port Realty Corporation must now be found among the assets of Apartment Properties, Inc. Thus, a shareholder in Port Realty Corporation has in effect had his property appropriated by the surviving corporation in a manner not unlike that found in an eminent domain proceeding. To be sure, the dissenting shareholder receives an interest in the surviving corporation, but this is an exchange which was both involuntary and against the wishes of such a shareholder. Should the surviving corporation become insolvent or otherwise unable to fulfill its financial responsibilities, a dissenting shareholder, seeking an appraisal and payment for his shares in the merging corporation, would be without an effective legal remedy.

In view of the foregoing, we do not believe that it is an impracticable burden to require the surviving corporation to pay the court clerk the amount of the appraisers' award pending a final determination of the value of the shares. This amount is to be held by the clerk and will not be paid to the shareholder unless the clerk is furnished an appropriate bond to protect the corporation. See Ind. Ann. Stat. § 3-1707 (1968 Repl.). We do not see how the corporation can be permanently harmed by such an order; on the other hand, it is possible that, absent such a payment, the shareholder could suffer an irreparable injury.

Judgment affirmed.

DeBruler, C. J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 247 N. E. 2d 74.