STATE of Indiana ex rel. INDIANA &
MICHIGAN ELECTRIC
COMPANY, Relator,

v.

The SULLIVAN CIRCUIT COURT and
Honorable Earl M. Dowd, As Special
Judge Thereof, Respondents.

No. 883S279.

Supreme Court of Indiana.

Dec. 20, 1983.

Rehearing Denied Feb. 21, 1984.

Henry J. Price, James E. Mahoney, Indianapolis, for relator.

Max E. Goodwin, Terre Haute, for respondents.

## ORIGINAL ACTION

DeBRULER, Justice.

This is an original action challenging the authority of the respondent to stay and suspend a condemnation order overruling objections to a complaint of relator to condemn a right of way for a high voltage transmission line over certain privately owned lands, and the appointment of appraisers to assess damages for the taking. The stay order prevented relator from utilizing the easement pending the appeal.

Following the order of condemnation and appointment of appraisers, the proceedings in the cause in the trial court continued up to the point where relators paid the damages assessed by the court-appointed appraisers to the clerk, and thereby became entitled pursuant to Ind.Code § 32–11–1–7 to take possession of the subject easement. After that point the landowners sought and respondent granted the stay order which we now consider.

Respondent and the landowners find authority for the stay order in Ind.R.Tr.P. 62(D), Ind.R.App.P. 6(B) and 4(B)(6). Relator's claim of no jurisdiction is based on the eminent domain statute.

Indiana Code § 32–11–1–5 gives the owner the right to file objections to the condemnor's lawful authority to maintain a condemnation action in court, and the right to immediately appeal an adverse decision on the question in an expedited fashion. This granting section concludes however with the proviso that "such appeal shall not stay proceedings in such cause." Proceedings which routinely follow an overruling of objections include an assessment of damages by the court-appointed appraisers, payment of such damages to the clerk with assumption of possession of the subject property by the condemnor, and a trial upon any exceptions to finally determine damages and just compensation.

In this case the condemnation order was made December 30, 1982, and relator paid the clerk the damages assessed by the court-appointed appraisers on March 23, 1983. On June 13, 1983 almost three months later the respondent court issued its order staying the condemnation order pending its appeal, and thereby prevented relator from exercising its right to possession and use of the easement during the appeal, a right which it had gained by paying the clerk the assessed damages in the sum of $52,500.00, pursuant to Ind.Code § 32–11–1–7, which provides:

"If the plaintiff (condemnor) shall pay to the clerk of such court the amount of damages thus assessed, it shall be lawful for such plaintiff to take possession of and hold the interest in the lands so appropriated, for the uses stated in such complaint, subject to the appeal provided for in section five [32–11–1–5] [appeal of interlocutory order of appropriation and appointing appraisers] of this act."

The foremost object of statutory interpretation is to determine and carry out the legislative intent as expressed in the statute. *Thompson v. Thompson,* (1972) 259 Ind. 266, 286 N.E.2d 657. Individual sections in the statute should be read in light of the statute as a whole. The words used in the statute are assumed to have been intended to retain their ordinary and popularly understood meaning. If the legislative intent is clear from the language of the statute, the language prevails and will be given effect. *Eads, et al. v. J. & J. Sales Corp.,* (1971) 257 Ind. 485, 275 N.E.2d 802.

As we read the two provisions quoted from above the Legislature states in clear and direct fashion that the immediate appeal of a condemnation order shall not be a source of reason to impede the further proceedings in the case at the trial level. The intention is clear and unmistakable. It is that the prosecution of the case at the trial level must be permitted to continue on as though no appeal of the condemnation order was taking place. That this reading of the language is accurate is supported by that of Ind.Code § 32–11–1–7 which proclaims that "it shall be lawful for such plaintiff to take possession of and hold the interest in the lands so appropriated, for the uses stated in the complaint, subject to the appeal provided for in section five [32–11–

1–5] [appeal of interlocutory order of appropriation and appointing appraisers] in this act." It is again unmistakable that the statute contemplates that the condemnor will take possession of the subject lands while the appeal of the condemnation order is going on. That possession however is specifically to be regarded as subject to, i.e., subordinate to, the outcome of the appeal. We therefore hold that respondent's stay order is contrary to the express intent of the Legislature which is unmistakable in the language employed in the statute. We would venture to say that the purpose the Legislature had in mind was to avoid delay in trial court proceedings, which would in turn, to a high degree of probability, adversely effect the public interest to be served by the acquisition. The Legislature has, in bestowing the immediate right of the landowner to appeal the condemnation order rather than requiring that such appeal be taken after the final determination of damages, burdened the condemnor with separate defense of the appeal and its additional costs, and actual tender of damages assessed by the neutral court-appointed appraisers as a condition to taking possession of the subject lands, and burdened the landowner with the requirement of proceeding with the appeal in an expedited fashion and has in these and other respects sought to balance the competing interests of condemnor and condemnee to be effected by a stay order.

■ Respondent and the landowners however contend that the authority to stay the condemnation order stems from this Court's rules. Indiana Rules of Appellate Procedure 4(B)(6) provides for the certification of interlocutory orders to the Court of Appeals for immediate review and recognizes the authority of the trial court to stay such orders, and further provides that statutes in conflict are superseded. To conclude that this rule governs, while attractive in the sense that it would bring another proceeding under the general umbrella of the rules, would be intolerable in that it would require that the discretion of the trial court to deny the statutory right of a landowner to appeal a condemnation order

immediately be recognized. It is by reason of the eminent domain statute that the appropriation order is immediately reviewable on appeal. *Indiana Serv. Corp. v. Flora,* (1941) 218 Ind. 208, 31 N.E.2d 1015. It is therefore clear that the discretion recognized in trial court to certify interlocutory orders has no application to appeals from appropriation orders in condemnation cases. Trial courts and appellate courts have no authority to prevent the immediate appeal of condemnation orders. It is likewise clear that the purpose of Ind.R.App.P. 4 is to draw the line between the jurisdiction of this Court and the Court of Appeals. The language in 4(B)(6) that statutes in conflict with the rule are superseded, refers to conflicts with this general purpose. It does not purport to supersede statutory provisions for immediate appeals in special situations such as the eminent domain statute. Appellate Rule 6(B) and Trial Rule 62(D) both expressly recognize the continued validity of special statutory provisions.

Rule 6(B) provides in part:

"Nothing herein shall be construed as giving a right to stay, by giving such bond, any judgment or order which cannot now be stayed and suspended by the giving of an appeal bond."

Trial Rule 62 contains like language and a like recognition of special statutory provisions governing the right to stay orders pending appeal. We therefore conclude that there is no conflict within the realm of stay orders pending appeal between the eminent domain statute and the aforementioned rules of this Court, and that the statute therefore governs. Accordingly we conclude that the respondent had no jurisdiction to issue the stay order which is the subject of this original action. The permanent writ requiring that such order be expunged is therefore granted this day.

HUNTER and PRENTICE, JJ., concur.

GIVAN, C.J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Chief Justice, dissenting.

In this original action, the Court is presented with the question of whether a

trial court may stay the enforcement of a condemnation order obtained by a corporate utility, pending an interlocutory appeal challenging the legality of the condemnation proceedings. After a hearing held July 28, 1983, we denied a Petition for Writ of Mandamus and Prohibition. The majority now reverses that position.

A brief explanation of eminent domain proceedings is in order. A governmental entity has inherent authority to condemn private property as a sovereign right. The legislature may also statutorily imbue a private corporation with the power to condemn property. When a corporation attempts to exercise this power, it must strictly comply with the granting statute's provisions, as they are conditions precedent to invoking the power. If, after the corporation successfully obtains a condemnation order, it is determined that certain of the statutory requirements were not met, the condemnation order is void *ab initio*. *See generally* 6 J. Sackman, Nichols' The Law of Eminent Domain Section 24.62 (1976).

The authority of a condemnor corporation attempting to exercise eminent domain power must initially be determined at a preliminary hearing before the bench. The condemnor must show the court that it is entitled to a condemnation order at this first stage of the two-stage proceeding. The landowner is given the opportunity to controvert the condemnor's right to condemn and appropriate his land. All factual or legal issues raised at this preliminary hearing are to be resolved by the court "before making the interlocutory order appointing appraisers to assess damages." *Morrison v. Indianapolis & W. Ry. Co.,* (1905) 166 Ind. 511, 523, 76 N.E. 961, 965; *Vandalia Coal Co. v. Indianapolis & L. Ry. Co.,* (1907) 168 Ind. 144, 79 N.E. 1082.

If the court determines the corporation has properly invoked the power to condemn, it then enters an appropriation or condemnation order. This order is properly termed an "interlocutory order" because it requires something to be done or observed by the parties, but does not determine the entire legal controversy between the parties, the issue of damages being unresolved. *Pfeiffer v. Crane,* (1883) 89 Ind. 485, 487; *Southern Indiana Rural Electric Cooperative, Inc. v. City of Tell City,* (1979) 179 Ind.App. 217, 384 N.E.2d 1145; *Highland Realty, Inc. v. Indianapolis Airport Authority,* (1979) Ind. App., 395 N.E.2d 1259; *J.M. Foster Co., Inc. v. Northern Indiana Public Service Co., Inc.,* (1975) 164 Ind.App. 72, 326 N.E.2d 584.

"When ... the trial court adjudges that the petitioner has established its right to condemn the designated land, the order does not finally dispose of the proceedings, because there can be no judgment of condemnation until damages have been assessed." 6 J. Sackman, Nichols' The Law of Eminent Domain Section 26.32. (1976).

It is from this interlocutory order, entered at the conclusion of the preliminary hearing, that the Hagemeiers prosecuted their appeal pursuant to Ind.R.App.P. 4(B). They appealed only "the issues relating to the taking of the defendant's property (as contrasted to the damage issues), so that all such issues will be terminated, leaving only 'damages' issues for any appeal which might result after final judgment." R. 27. I & M argues that if the order of condemnation is reversed, the property owner's proper remedy is to recover possession of the property along with damages for trespass, including the cost of restoring the property.

"While it is ordinarily held that adequate provision must be made for the payment of compensation before the condemnor may be permitted to enter on the land condemned, a statutory or charter provision permitting a condemnor of land to take possession, or to remain in possession, thereof, pending an appeal in the condemnation proceeding, is generally held to be constitutional *where the appeal is taken merely from the amount of the award,* and the statutory or charter provision also requires, pending such appeal either tender of the amount of the award to the landowner or payment thereof into court, or the execution of a bond as security for compensation due the land own-

er." (Our emphasis.) 27 Am.Jur.2d 392, *Eminent Domain* Section 469 (1966).

The cases relator cites in support of this position are distinguishable from the case now before us. The cases cited deal with stays entered pending the trial on damages, appeals based on the damages award alone, or with appeals taken interlocutorily contesting the condemnation order *before* the adoption of our Indiana Rules of Procedure in 1970. *State ex rel. City of Hammond v. LaPorte Circuit Court,* (1968) 249 Ind. 494, 233 N.E.2d 471; *State v. Kraszyk,* (1960) 240 Ind. 524, 167 N.E.2d 339; *State ex rel. Keesling v. Grant Circuit Court,* (1958) 238 Ind. 577, 153 N.E.2d 912.

Relator also claims the trial court lacked jurisdiction to stay I & M's right to possession, based upon our granting a writ of mandamus in the case of *State ex rel. City of Hammond v. LaPorte Circuit Court, supra.* The *Hammond* case is distinguishable on several grounds. There we issued a writ of mandamus requiring the LaPorte Circuit Court to vacate an order staying the condemnor's right to possession pending the trial on damages, where no challenge was made to the condemnor's authority to appropriate the land. The court had granted the landowners' stay to prevent the condemnor's destruction of buildings and other improvements to the land, which the landowners wished to preserve as evidence for the jury to view in proving the inadequacy of the appraised value. This Court held the trial court had no jurisdiction to preserve the buildings for such purpose. We also said the condemnor had a right to possession pending the trial on damages.

This Court stated in *Evansville-Vanderburgh Levee Authority District v. Towne Motel, Inc.,* (1966) 247 Ind. 161, 163, 213 N.E.2d 705, 706:

"There is reason and logic as to why a landowner should have the question of the authority of the condemnor to exercise the power of eminent domain promptly and finally determined by an interlocutory appeal at an early stage in the proceedings, since *irreparable damage would otherwise be done to a landowner whose property might illegally be seized and destroyed and he be left only to a money judgment if the proceedings were to continue thereafter on the issue only of what was the monetary loss."* (Emphasis supplied.)

There is no question that the Hagemeiers' property would suffer irreparable harm if I & M were allowed to take possession pending their appeal, and to begin construction of the 145 foot permanent steel towers necessary to carry out its purpose. In the case at bar, if the Court of Appeals should determine I & M had no eminent domain power to condemn the Hagemeiers' land, I & M's entry and damage to the land would be illegal. It would be patently unjust to allow a condemnor to enter and cause irreparable damage to a landowner's property, even when he "adequately compensates" him, if the condemnor is later determined never to have had authority to condemn and enter the land in the first place. Such a procedure would violate due process of law. There can be no adequate compensation made to an owner of property which has been illegally taken, and irreparably damaged.

Relator's third contention that I.C. 32–11–1–5 prohibits a trial court from staying the enforcement of a condemnation order pending an interlocutory appeal, is based on the following statutory language:

"32–11–1–5 [3–1705]. Objections— Pleadings—Appeal.—Any defendant may object to such proceedings on the grounds that the court has no jurisdiction either of the subject-matter or of the person, or *that the plaintiff has no right to exercise the power of eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections.* Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, except the answer provided for in section 8 [32–11–1–8] of this chapter: Provided, That amendments

to pleadings may be made upon leave of court. If any such objection shall be sustained, the plaintiff may amend his complaint or may appeal to the supreme court or court of appeals from such decision, as and in the manner that appeals are taken from final judgments in civil actions, of which appeal all the parties shall take notice and by which they shall be bound. *But if such objections are overruled, the court or judge shall appoint appraisers as provided for in this chapter; and from such interlocutory order overruling such objections and appointing appraisers, such defendants, or any of them, may appeal to the supreme court or court of appeals from such decision* as and in the manner that appeals are taken from final judgments in civil actions, upon filing with the clerk of such court a bond, with such penalty as the court or judge shall fix, with sufficient surety, payable to the plaintiff, conditioned for the diligent prosecution of such appeal and for the payment of the judgment and costs which may be affirmed and adjudged against the appellants, such appeal bond shall be filed within ten [10] days after the appointment of such appraisers. All the parties shall take notice of and. be bound by such appeal. The transcript shall be filed in the office of the clerk of the supreme court within thirty [30] days after the filing of the appeal bond. *Such appeal shall not stay proceedings in such cause.*" [Acts 1905, ch. 48, Section 5, p. 59; 1982, P.L. 187, Section 168]. (Our emphasis.)

The majority holds the last sentence in the statute expresses the legislature's intent to forbid a trial court from entering a stay order pending appeal. With this I do not agree. This language merely explains that any stay of the proceedings is not effectuated by simply taking an appeal, but may only be obtained by following any procedure otherwise provided.

I & M's substantive right to ultimately possess the land, if the Court of Appeals affirms such right, is not in danger of being defeated by any Rule of Trial or Appellate Procedure. The statute provides for an in-

terlocutory appeal. Appellate Rule 4(B) governs all such appeals, and authorizes the trial court to stay proceedings pending the outcome of the appeal. The rule reads in pertinent part:

"Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

\* \* \* \* \* \*

"(2) For the delivery of the possession of real property or the sale thereof;

\* \* \* \* \* \*.

"(6) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition under subsection (6) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any.

Any law, statute or rule or part thereof in conflict with the provisions set forth hereinabove are superseded by these rules, and the portions in conflict with these rules are hereby held vacated, set aside and held for naught."

The Court of Appeals correctly stated in *Southern Indiana Rural Electric Cooperative, Inc. v. City of Tell City, supra:*

"[IC 32–11–1–5] in effect creates a hybrid form of appeal, combining elements

of interlocutory appeals with elements of appeals from final judgments.

\* \* \* \* \* \*

"[I]n *Foster,* [*supra*] we held that an order overruling objections and appointing appraisers is interlocutory . . . ."

\* \* \* \* \* \*

"Accordingly, we now hold that such orders are interlocutory and are to be treated as such *in toto* . . . .

\* \* \* \* \* \*

"Thus the appeal of such orders must be pursuant to the appellate rules governing interlocutory appeals, despite the 'final judgment' language of Ind.Code 32–11–1–5.

\* \* \* \* \* \*

"In summary, we hold that Ind.Code 32–11–1–5 has been superseded as to those provisions therein which purport to govern the appeal of interlocutory orders in eminent domain proceedings . . . ." 384 N.E.2d at 1150–51.

The trial court made the findings required by Ind.R.App.P. 4(B)(6) and properly stayed the proceedings pursuant to the terms of Ind.R.App.P. 4(B)(6)(c).

I would, therefore, deny the Petition for Writ of Mandamus and Prohibition.

PIVARNIK, J., concurs.