WAYNE L. STONE, JO ANN STONE, MARY M. STONE *v.* PUBLIC
SERVICE COMPANY OF INDIANA, INC.

[No. 1-473A70. Filed August 16, 1973.]

*Donald G. Hendrickson,* of Boonville, for appellants.

*Carl M. Gray,* of Petersburg, *Frank T. Lewis,* of Plainfield, for appellee.

LOWDERMILK, J.—Plaintiff-appellee commenced its action in condemnation, seeking to appropriate perpetual easement rights in and to a strip of land 150 feet in width upon a por-

tion of appellants' real estate in Pike County, Indiana. The complaint was filed December 14, 1972, the defendants-appellants were duly served with process, and appellants timely filed objections to said complaint. Hearing was had on the objections, and on March 7, 1973, the court, after trial without a jury, entered its order overruling appellants' objections and appointed appraisers who performed their services and returned their award for appellants' damages on March 19, 1973.

Appellants, on March 14, 1973, filed with the court their Motion to Suspend Order of Condemning and Appointing Appraisers and for the court to set appeal bond. This motion was overruled by the court and appeal bond was set in the amount of $100.00 and was posted.

Appellants filed assignment of errors and bring this appeal to us as an appeal from an interlocutory order.

### ON MOTION TO STRIKE APPELLEE'S BRIEF

There is now pending a motion to strike appellee's brief, the consideration of which has been postponed until final determination on the merits. The basis of the motion is that the appeal is from an interlocutory order and that appellee's brief was not filed within ten days after submission, as required by Rule AP. 8.1 (B).

Appellants, following the overruling of objections filed to appellee's complaint to condemn, filed their motion to strike appellee's brief on the merits from the files for the following reasons: (1) that this is an appeal from an interlocutory order pursuant to Ind. Ann. Stat. § 3-1705 (Burns 1968 Repl.) ; (2) that on May 14, 1973, appellants filed transcript and assignment of errors with this court and timely filed their brief within ten days after the submission, as required by Rule AP. 8.1(B) ; (3) that appellee did not file its brief within ten days thereafter, but filed it on the 29th day after

appellants' brief was filed with this court, and; (4) all was done without an extension of time having been procured by appellee.

In the case of *Indiana Service Corp.* v. *Town of Flora* (1941), 218 Ind. 208, 31 N.E.2d 1015, our Supreme Court passed on the same question that is presented to this court, and at page 211 stated:

> ". . . An appeal from an order overruling a defendant's objections in an eminent domain proceeding is specifically authorized, but, except as to the time when the bond and transcript shall be filed, *the procedure is under the general statutes and rules relating to appeals,* and not under those pertaining to interlocutory orders. . . ." (Our emphasis.) See, also, *Lake Co. Trust Co., etc.* v. *Ind. Port Comm.* (1967), 248 Ind. 362, 229 N.E.2d 457.

Under Rule AP. 8.1(A), appellee had thirty days in which to file its brief.

We necessarily hold that plaintiff-appellee's brief was timely filed and the motion to strike is, therefore, overruled.

## ON THE MERITS

The issues raised by appellants in their assignment of errors have been grouped by appellants, and under Rule AP. 8.3(A)(7), we shall group and treat these issues accordingly.

In the first issue raised by appellants in their assignments of error numbered 1, 2, 3, 5, and 9, appellants contend that there was no evidence presented at the hearing to show that appellee was a corporation organized under the laws of the State of Indiana, contrary to the statutory requirements. Appellants argue that Ind. Ann. Stat. § 3-1713 (Burns 1968 Repl.) requires that a corporation which may condemn property must be incorporated under the laws of this State and that this requirement must be alleged and proved at trial. Appellants do not question the fact that the complaint in

this cause by appellee does allege that it is a corporation, organized under the laws of this State. It is appellants' position that the burden of proof is on the condemnor (appellee) to show by a preponderance of the evidence a clear Legislative authority to appropriate land.

We have examined the complaint in this cause and find that it alleges all of the facts required by the statutes for a condemnation proceeding, including the fact of the corporate existence being on file in Indiana, by appellee. Appellee contends that the power of eminent domain granted by statute (Burns § 3-1713) is statutory in origin and within the coverage of the Indiana Rules of Procedure. *Jensen* v. *Ind. & Mich. Elec. Co.* (1972), 257 Ind. 599, 277 N.E.2d 589, 29 Ind. Dec. 1.

Appellee then points out that Rule TR. 9(A) states as follows:

"Capacity. It is not necessary to aver the capacity of a party to sue or be sued, the authority of a party to sue or be sued in a representative capacity, or the legal existence of an organization that is made a party. The burden of proving lack of such capacity, authority, or legal existence shall be upon the person asserting lack of it, and shall be pleaded as an affirmative defense."

The objections raised by appellants do not specifically challenge or deny the capacity of appellee to bring the suit. Having failed to so challenge or deny, the appellants must be deemed to have waived this issue.

Additionally, it is our opinion that although no specific proof on this matter was offered the trial court had the right and authority to take judicial notice of the appellee's corporate existence, and appellee's power of condemnation, appellee having operated as a power company in Pike County and many, many other counties in Southern Indiana, 12 I. L. E. 402, *Evidence*, § 1; 31A C. J. S. 122; *Evidence*, § 89.

Thus, it is our opinion that a prima facie case was made by appellee of its corporate existence and authority to condemn real property, or an easement therein. The court had jurisdiction over the parties herein.

The second issue raised in the assignment of errors, numbered 5 and 6, is whether the rights and privileges in the condemned property were properly established and whether there was uncertainty as to these rights. It is appellants' position that there must be a meeting of the minds as to what is to be taken and what is to be left by the condemnation. Specifically, appellants point out that at no time was it determined what the exact location would be of the three proposed structures to carry the electrical lines. We note that the statute governing the complaint in a condemnation proceeding (Ind. Ann. Stat. § 3-1702 (Burns 1968 Repl.)) requires that the complaint shall state:

". . . 3rd. The use the plaintiff intends to make of the property or right sought to be appropriated; . . ."

The complaint in this case clearly sets forth the rights to be appropriated and the use to be made of the property.

The description in a complaint is sufficient if it will enable one skilled in such matters to locate the land and, in the case at bar, to locate the easement property to be appropriated with a general description of where the three structures will be located. The exact location of the structures is a factual situation to be proved in the trial of the damages. *Hagemann et al.* v. *City of Mount Vernon et al.* (1958), 238 Ind. 613, 154 N.E.2d 33; *Darrow* v. *Chicago, etc., R. Co.* (1907), 169 Ind. 99, 81 N.E. 1081.

In our opinion, said specification presents no error.

The third issue raised in specifications 7, 8, and 12 of the assignment of errors is whether appellee negotiated in good faith as to the damages for the rights to be appropriated. Appellants point out that only one amount ($3,046.00) was

offered and that this offer was rejected on several occasions. Appellants contend that said offer is not a sufficient price for the rights to be appropriated.

Our Supreme Court has stated, in the case of *Wampler* v. *Trustees of Indiana University* (1961), 241 Ind. 449, 456, 172 N.E.2d 67, as follows:

> ". . . Each case must be determined in light of its own particular circumstances. However, the authorities generally indicate that where there is disagreement regarding the value of property, if a reasonable offer is made honestly and in good faith and a reasonable effort has been made to induce the owner to accept it, the requirements of the statute for an offer to purchase have been met. . . ."

Justice Givan of our Supreme Court, in the case of *Murray* v. *City of Richmond* (1971), 257 Ind. 548, 276 N.E.2d 519, 522, held:

> ". . . In fact, it appears to be much more honest and forthright on the part of the condemning authority to come forth in their initial offer with the highest price they feel they could reasonably justify paying for the property. The fact that a property owner might place a higher value on his real estate and attempt to induce the condemning authority to pay a higher price does not bind the condemning authority to raise its figure."

In the case at bar a reasonable offer was made to appellants and a disagreement as to the value of the easement property became apparent. Thus, it is our opinion that appellee satisfied its burden to make a good faith offer. See, *Dahl et ux, et al.* v. *Northern Ind. Pub. Serv. Co.* (1959), 239 Ind. 405, 157 N.E.2d 194.

Appellants' final issue raised in assignment of errors, numbered 12, is that the route selected for the transmission line was reached in an arbitrary manner. Our Supreme Court stated, in the case of *Guerrettaz* v. *Public Service Co. of Ind.* (1949), 227 Ind. 556, 562, 87 N.E.2d 721:

"The condemnor was not compelled to take the shortest route between the starting point and the terminal of the line proposed. Many things may intervene, which from a public utility standpoint, and a standpoint of public safety, and public convenience, make deviations necessary."

Our Supreme Court has also held, in the case of *State ex rel. Indiana Dept. of Conservation* v. *Barber* (1964), 246 Ind. 30, 36, 200 N.E.2d 638, as follows:

"The trial court had no power to determine the necessity to appropriate land except as such taking is found to be arbitrary, capricious, fraudulent or otherwise unlawful. . . ."

In the case at bar there was testimony that the route selected was reasonable and proper from the standpoint of sound and prudent engineering practice, and we find no evidence to the contrary.

Finding no reversible error, the judgment is affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 300 N.E.2d 121.