**SOUTHERN INDIANA RURAL ELECTRIC COOPERATIVE, INC., an Indiana Corporation, Appellant (Defendant below),**

v.

**The CIVIL CITY OF TELL CITY, PERRY COUNTY, Indiana, a Municipal Corporation, Appellee (Plaintiff below).**

No. 1–1076A199.

Court of Appeals of Indiana,
First District.

Jan. 29, 1979.

Paul F. Mason, Mason & Wetherill, Rockport, Dan F. Morton, Peter L. Obremsky (Parr, Richey, Obremsky and Morton), Lebanon, for appellant.

Clarence A. Nordhoff, Nordhoff & Nordhoff, Jasper, Frederick L. Bamberger, Mark L. Phillips, and Robert T. Bodkin (Bamberger, Foreman Oswald & Hahn, of counsel), Evansville, for appellee.

LYBROOK, Presiding Judge.

Southern Indiana Rural Electric Cooperative (SIREC) is attempting to appeal from a series of trial court orders in a condemnation case, wherein the trial court overruled SIREC's objections and appointed appraisers pursuant to Ind.Code 32–11–1–5 (Supp. 1977). Although we previously had denied Tell City's motion to dismiss this appeal in an order dated November 9, 1977, we have reconsidered that ruling and, having reconsidered also the briefs filed by the parties on this issue, we now dismiss this appeal.

In order to understand the issues posed for our consideration we first must review the appellate and trial records of the case at bar.

This case was commenced on August 15, 1975, when Tell City filed its complaint in condemnation. On October 16, 1975, SIREC filed its objections to the complaint and on April 20, 1976, the trial court entered an order overruling all of SIREC's objections to the complaint. On May 10, 1976, SIREC filed a praecipe for the record of the proceedings and an assignment of errors in an attempt to appeal the decision pursuant to Ind.Code 32–11–1–5. On June 21, 1976, SIREC filed the record with this court, and Tell City subsequently filed a motion to dismiss. SIREC thereafter filed a motion to voluntarily dismiss its appeal, and this motion was granted on October 5, 1976.

Meanwhile, the trial court had entered an order on August 25, 1976, wherein the court named two of the three appraisers required by Ind.Code 32–11–1–5; the third appraiser was to be named prior to September 21, 1976. On September 22, 1976, the three appraisers were sworn by the trial court. On October 19, 1976, SIREC filed an assignment of errors and on October 21, 1976, SIREC refiled the updated record with this court. On December 2, 1976, Tell City filed a new motion to dismiss, alleging that this appeal was defective on several grounds, one of which was that SIREC had not followed the required procedure as found in Ind.Rules of Procedure, Appellate Rule 4(B). Specifically, Tell City pointed out that the appeal had not been certified pursuant to A.R. 4(B)(5), nor had the record been timely filed pursuant to A.R. 3. SIREC, in responding to Tell City's motion to dismiss, asserted that the appropriate appellate procedure was that of Ind.Code 32–11–1–5 and not that of A.R. 4(B). Therefore, the issue presented was:

> In appealing a trial court's overruling of objections and appointment of appraisers in a condemnation action, must the appellant follow the dictates of A.R. 4(B) of those of Ind.Code 32–11–1–5?

Because we believed that this issue presented a substantial question of law of great importance to both litigants and the practicing bar, we transferred this case to the Indiana Supreme Court on March 15, 1977. That Court, in an order dated November 2, 1977, granted transfer in this cause, but remanded the case to this court directing us to review the merits of Tell City's motion to dismiss. The case was redistributed for our consideration on December 12, 1978.

In its order of November 2, 1977, remanding the case, the Supreme Court did not decide whether the present appeal was governed by A.R. 4(B) or by Ind.Code 32–11–1–5, nor did it decide whether there was an inherent conflict between the provisions of the two, in which case it is clear that A.R. 4 would control. *In the Matter of Public Law No. 305 and Public Law No. 309 of the Indiana Acts of 1975,* (1975) 263 Ind. 506, 334 N.E.2d 659; Ind.Code 34–5–2–1.

A.R. 4 provides, in part:

> "Consideration of Appeals
>
> (A) Appeals from Final Judgments. Appeals may be taken by either party from all final judgments of Circuit, Superior, Probate, Criminal, Juvenile, County, and where provided by statute for Municipal Courts. A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed a final judgment, and an appeal may be taken therefrom. The Supreme Court shall have exclusive jurisdiction of:

(1) Admissions to practice law;

(2) The discipline and disbarment of attorneys admitted to the practice of law;

(3) Matters arising with reference to the unauthorized practice of law;

(4) The discipline, removal and retirement of justices and judges of the State of Indiana;

(5) Supervision of the exercise of jurisdiction by the other courts of the State, including the issuance of writs of mandate and prohibition;

(6) Issuance of writs necessary or appropriate in aid of its jurisdiction;

(7) Appeals in criminal cases from judgments (sentences) imposing a sentence of death, life imprisonment or a minimum sentence of greater than ten [10] years. If the appeal is from the denial of post-conviction relief, jurisdiction shall be determined by reference to the sentence originally imposed;

(8) Appealable cases where a state or federal statute has been declared unconstitutional in whole or in part;

(9) Appeal from the denial of release in habeas corpus cases arising out of criminal, extradition, or mental health proceedings;

(10) When an appeal is filed in the office of the clerk, in the Court of Appeals, appellant or appellee may petition the Supreme Court to transfer such an appeal to the Supreme Court upon a showing, under oath, that the appeal involves a substantial question of law of great public importance and that an emergency exists for a speedy determination. The Supreme Court in its discretion may grant said petition and thereby take jurisdiction of such appeal.

(B) [Other appeals.] In all other cases, appeals shall be taken to the Court of Appeals, notwithstanding any law, statute or rule providing for direct appeal to the Supreme Court of Indiana. Also, appeal from interlocutory orders shall be taken to the Court of Appeals in the following cases:

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court;

(5) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any.

Any law, statute or rule or part thereof in conflict with the provisions set forth hereinabove are superseded by these rules, and the portions in conflict with these rules are hereby held vacated, set aside and held for naught."

Ind.Code 32–11–1–5, under which SIREC is attempting to appeal, provides:

"Any defendant may object to such proceedings on the grounds that the court has no jurisdiction either of the subject-matter or of the person, or that the plaintiff has no right to exercise the power of

eminent domain for the use sought, or for any other reason disclosed in the complaint or set up in such objections. Such objections shall be in writing, separately stated and numbered, and shall be filed not later than the first appearance of such defendant; and no pleadings other than the complaint and such statement or objections shall be allowed in such cause, except the answer provided for in section eight [32–11–1–8] of this act: Provided, That amendments to pleadings may be made upon leave of court. If any such objection shall be sustained, the plaintiff may amend his complaint or may appeal to the Supreme or Appellate Court [Court of Appeals] from such decision, as and in the manner that appeals are taken from final judgments in civil actions, of which appeal all the parties shall take notice and by which they shall be bound. But if the objections are overruled, the court or judge shall appoint appraisers as provided for in this act; and from such interlocutory order overruling such objections and appointing appraisers, such defendants, or any of them, may appeal to the Supreme or Appellate Court [Court of Appeals] from such decision as and in the manner that appeals are taken from final judgments in civil actions, upon filing with the clerk of such court a bond, with such penalty as the court or judge shall fix, with sufficient surety, payable to the plaintiff, conditioned for the diligent prosecution of such appeal and for the payment of the judgment and costs which may be affirmed and adjudged against the appellants; such appeal bond shall be filed within ten [10] days after the appointment of such appraisers. All the parties shall take notice of and be bound by such appeal. The transcript shall be filed in the office of the clerk of the Supreme Court within thirty [30] days after the filing of the appeal bond. Such appeal shall not stay proceedings in such cause." Acts 1905, ch. 48, § 5, p. 59.

■ We begin our examination of the issue presented with a few general considerations concerning our appellate rules. On July 29, 1969, the Indiana Supreme Court adopted our current Indiana Rules of Civil Procedure, which included, *inter alia,* the Appellate Rules now under consideration. The rules became effective January 1, 1970. They were adopted in order to simplify and streamline prevailing procedural practice, and to "secure the just, speedy and inexpensive determination of every action." T.R. 1. At that time, A.R. 4 read as follows:

"Appeals may be taken by either party from all final judgments of a trial court. A ruling or order by the trial court granting or denying a motion to correct errors shall be deemed to be a final judgment, and an appeal may be taken therefrom. *An appeal from a final judgment or from an interlocutory order shall be taken to the Supreme Court or the Appellate Court as provided by statute."* (Emphasis added.)

■ On August 9, 1971, the Supreme Court amended this rule by deleting the language emphasized *supra,* which provided for the taking of an appeal to the Supreme or Appellate Court pursuant to statutory provisions. At the same time the rules were amended further by the addition of the following language in A.R. 4(B):

"Any law, statute or rule or part thereof in conflict with the provisions set forth hereinabove are superseded by these rules, and the portions in conflict with these rules are hereby vacated, set aside, and held for naught."

We believe that the intent of the Supreme Court is clearly discernible from a consideration of the history of A.R. 4. When first adopted that rule directed us to look to the statutes for supplementary appellate procedure; this provision, however, was removed within a year of its adoption and, we note, replaced by provisions in 4(B), which clearly demonstrate that statutory appellate procedure is superseded when that procedure is *in conflict* with the rules of court. We hold that the provisions of Ind.Code 32–11–1–5 present such a conflict, for several reasons.

■ First, there is the question of the posting of a bond prior to the appeal in a condemnation case. The statute requires

the "filing with the clerk of [the] court a bond, with such penalty as the court or judge shall fix, with sufficient surety, payable to the plaintiff, conditioned for the diligent prosecution of such appeal . ." This is in direct contravention of A.R. 6 which provides "[No] appeal bond shall be necessary to perfect an appeal from any judgment or appealable interlocutory order." This conflict between the rules and the statute must be resolved in favor of the rules; accordingly, that portion of Ind.Code 32–11–1–5 which deals with the posting of bonds is invalid.

■ Secondly, this statute in effect creates a hybrid form of appeal, combining elements of interlocutory appeals with elements of appeals from final judgments. For example, although the statute labels an order overruling objections and appointing appraisers "interlocutory," it nonetheless requires the transcript to be filed within 30 days of *the posting of a bond,* and then further engrafts upon interlocutory procedure in such cases the requirement that the appeal be taken "in the manner that appeals are taken from final judgments." We hold that this language, which is somewhat contradictory in itself, conflicts with A.R. 3 which requires 'the transcript to be filed with the Clerk of this court within 30 days of the *ruling* being appealed, rather than within 30 days of the posting of the bond mentioned in the statute. Additionally, the labeling of this form of appeal as "interlocutory" implies that an assignment of errors is to be filed rather than a motion to correct errors—we have so held in *J. M. Foster Co., Inc. v. Northern Ind. Pub. Serv. Co., Inc.,* (1975) Ind.App., 326 N.E.2d 584—and this conflicts with the requirement that a motion to correct errors must be filed in appeals from final judgments [1] which the statute purportedly would require. Thus, we hold that the provisions of Ind.Code 32–11–1–5 which apparently attribute elements of a final judgment to such orders are in violation of those rules pertaining to the appeal of interlocutory orders, specifically A.R. 3, A.R. 4 and T.R. 59(G).

We recognize that *Stone v. Public Service Company,* (1973) 157 Ind.App. 328, 300 N.E.2d 121, acknowledged this hybrid form of appeal; however, that case relied heavily on *Indiana Service Corporation v. Town of Flora,* (1941) 218 Ind. 208, 31 N.E.2d 1015, which was decided under the prior rules of civil procedure. Furthermore, our decision in *Foster, supra,* significantly altered the holding in *Stone;* in *Foster* we held that an order overruling objections and appointing appraisers is interlocutory, and that despite the provisions of Ind.Code 32–11–1–5, the correct procedure was to file an assignment of errors rather than a motion to correct errors.

■ Accordingly, we now hold that such orders are interlocutory and are to be treated as such *in toto;* to the extent that *Stone* and *Foster* contain language to the contrary, they are now modified. Thus the appeal of such orders must be pursuant to the appellate rules governing interlocutory appeals, despite the "final judgment" language of Ind.Code 32–11–1–5.

To reiterate, we believe the intention of the Supreme Court was to dispense with statutory provisions governing these appeals. Our belief is based on the facts that 1) that court deleted directions to look to the statutes for applicable procedures when it amended A.R. 4(A); and 2) that court added language to A.R. 4(B) making it clear that the rules superseded all statutes. *See Richards v. Crown Point Community School Corp.,* (1971) 256 Ind. 347, 269 N.E.2d 5.

■ Finally, we must determine whether SIREC has complied with A.R. 4(B) in pursuing the present appeal. That rule, when amended August 9, 1971, listed four specific categories of interlocutory appeals which are appealable to the Court of Appeals:

"[ORDERS]

(1) For the payment of money or to compel the execution of any instrument of writing, or the delivery or assignment of any securities, evidence of debt, documents or things in action;

1.  T.R. 59.

(2) For the delivery of the possession of real property or the sale thereof;

(3) Granting, or refusing to grant, or dissolving or overruling motions to dissolve preliminary injunctions; or the appointment of receivers;

(4) Orders and judgments upon writs of habeas corpus not otherwise authorized to be taken directly to the Supreme Court."

On November 24, 1975, this rule was amended further to include a fifth category of appealable interlocutory orders:

"(5) Any other interlocutory order, if the trial court certifies and the court on appeal or a judge thereof finds on petition that:

(a) The appellant will suffer substantial expense, damage or injury if the order is erroneous and the determination thereof is withheld until after judgment, or

(b) The order involves a substantial question of law, the early determination of which will promote a more orderly disposition of the case, or

(c) The remedy by appeal after judgment is otherwise inadequate. The petition for an appeal under subsection (5) of subdivision (B) of this rule shall not stay proceedings in the trial court unless the trial court judge or the court on appeal or a judge thereof shall so order, and such order may be made conditional upon the furnishing of a bond or security protecting the appellee against loss incurred thereby, if any."

We believe that the fifth category was intended to give the exclusive categories of A.R. 4(B) an elastic quality by providing for those interlocutory appeals, such as the appeal under consideration, which do not fall within the first four categories. *Richards, supra.*

■ We must conclude that SIREC's purported appeal does not fall within the categories of A.R. 4(B)(1) through (4), nor has SIREC sought certification of the issues pursuant to A.R. 4(B)(5). Accordingly, we must dismiss this attempted appeal.

■ In considering the ramifications of this holding, we note that there seems to be little prejudice to SIREC from our decision. We have not blocked permanently an avenue of its appeal; we only have required that it comply with the dictates of A.R. 4(B)(5) and submit the issues to be appealed to the trial court for certification. Of course it is within the discretion of the trial court whether the issue will be certified for appeal, but we believe that the trial court can consider the fact that the declared legislative policy is to provide for such appeals as the present. *See* Ind.Code 32–11–1–5. Thus, regardless of the inapplicability of that statute in defining appellate procedure, we believe its statement of legislative intent should be considered, along with other factors, by the trial court in passing upon the certification issue.

Finally, we note that SIREC, and future litigants in similar positions, can present their allegations of error to this court upon appeal from a final judgment, instead of presenting such allegations in the fragmented procedure provided in Ind.Code 32–11–1–5.

■ In summary, we hold that Ind. Code 32–11–1–5 has been superseded as to those provisions therein which purport to govern the appeal of interlocutory orders in eminent domain proceedings; further, we hold that those categories of appealable interlocutory orders listed in A.R. 4(B) are exclusive; accordingly, any interlocutory order not falling within the first four categories of 4(B) must be certified pursuant to A.R. 4(B)(5) prior to its appeal.

Appeal dismissed.

LOWDERMILK and ROBERTSON, JJ., concur.